UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-22680-CIV- MORENO
United States Magistrate Judge Torres

NELVIS VELAZQUEZ, M.D.,

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and UNUM
GROUP,

    Defendants.
_____/

**DEFENDANTS' PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY'S AND UNUM GROUP'S ANSWER TO COUNT I OF THE AMENDED COMPLAINT**

Defendant, Provident Life and Accident Insurance Company ("Provident") and Defendant Unum Group ("Unum"), through their counsel, serve this Answer to Count I of the Plaintiff's Amended Complaint and state as follows:

1.    In response to Paragraph 1, Defendants admit that Plaintiff seeks damages within the jurisdictional limitations of this Court.

2.    Defendants admit the allegations of Paragraph 2.

3.    In response to Paragraph 3, Provident admits that it is a Tennessee corporation with its principal place of business in Chattanooga, Tennessee. Unum admits that it is a Delaware corporation with its principal place of business in Chattanooga, Tennessee. In further response to paragraph 3, Provident admits that it is the insurer and claims administrator for the disability policy at issue in this case. Unum admits that it is a holding company and the parent corporation of Provident.

4.       In response to Paragraph 4, Defendants admit only that the policy at issue in this case was sold to the Plaintiff in the State of Florida and further admits that venue in this Court is appropriate.  Defendants deny the remaining allegations of Paragraph 4.

5.       Defendants deny the allegations of Paragraph 5.

6.       In response to Paragraph 6, Unum admits that it is a Delaware corporation with its principal place of business in Chattanooga, Tennessee.  Unum further admits that it is a holding company.

7.       In response to Paragraph 7, Unum denies that it is an insurance company.  In further response to this paragraph, Unum admits that its employees, acting on behalf of Unum subsidiary companies including in this case, Provident, administer claims and policies in the United States and elsewhere in the world.

8.       Unum admits the allegations of Paragraph 8.

9.       In response to Paragraph 9, Unum admits that it is a holding company and the parent corporation of Provident.   Unum further admits that its employees, acting on behalf of Unum subsidiary companies including in this case, Provident, administer claims and policies in the United States and elsewhere in the world.  Provident is responsible for the handling of claims under policies issued by Provident.

10.      In response to Paragraph 10, the Registration Statement of Unum Provident Corp filed with the Security and Exchange Commission on November 1, 2002 speaks for itself.

11.      In response to Paragraph 11, Unum admits only that its name was changed to Unum Group in January 2007.  Defendants are unable to respond to the remaining allegations of this paragraph as the phrase "prescribed in a unitary and coordinated fashion" is vague and unintelligible.

12.      Defendants deny the allegations of Paragraph 12.

2
Carlton Fields, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida  33131-2114 - 305.530.0050

14083335.1

13. In response to Paragraph 13, Unum admits that First Unum Life Insurance Company of America, Provident Life and Accident Insurance Company, The Paul Revere Life Insurance Company, and Colonial Life Insurance Company are the names of some of the subsidiaries of Unum. Defendants are unable to respond to the remaining allegations of this paragraph as the complete names of the other entities listed are not provided.

14. In response to Paragraph 14 it is admitted that Provident issued Policy 6-334-613195 (the "Policy") to the Plaintiff in the State of Florida with an effective date of July 26, 1984 and that the outline of coverage attached as Exhibit B accompanied the Policy. It is further admitted that the Policy was in full force and effect at the time of the Plaintiff's claim for benefits.

15. In response to Paragraph 15, Provident admits that it sent the Plaintiff the letter attached to the Amended Complaint as Exhibit C and that the contents of the letter are as stated therein. Provident denies that the allegations in Paragraph 15 regarding Exhibit C are accurate or complete. In further response to Paragraph 15, Provident denies that Exhibit D was provided to the Plaintiff subsequent to the issuance of the Policy. In further response to Paragraph 15, Exhibits G, H, I, J, K, L, M, N, O, and P were provided to the Plaintiff subsequent to the issuance of the Policy.

16. Defendants neither admit nor deny the statements contained in Paragraph 16 which contain legal conclusions rather than factual allegations.

17. In response to Paragraph 17, Defendants admit at the time of Plaintiff's claim she had paid the premiums for the Policy from its inception. In further response to Paragraph 17, Defendants state that the purpose of the Policy is reflected in the Policy and that the terms and conditions of the Policy speak for themselves and must be construed in accordance with the entire Policy. In further response to Paragraph 17, Provident denies that the Policy provides benefits for life.

18. In response to Paragraph 18, it is admitted that Plaintiff was diagnosed with bilateral carpal tunnel syndrome by her treating physicians based on injuries suffered on January 20, 2007. It is further admitted that Provident received Plaintiff's initial claim forms on or about September 10, 2007.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. In response to Paragraph 21, Defendants are without sufficient knowledge to admit or deny the allegations regarding Plaintiff's retention of counsel. In further response to Paragraph 21, Provident admits that Fla. Stat. 627.428 applies to Plaintiff's breach of contract action and subject to its provisions, may allow for an award of reasonable attorney's fees against Provident.

22. Defendants deny each and every allegation of the Amended Complaint not specifically admitted herein.

23. As its first affirmative defense, Defendants avers that their liability, if any is subject to the terms, conditions and limitations contained in the entire Policy of insurance.

24. As its second affirmative defense, Defendants aver that the Plaintiff has failed to comply with conditions precedent for claiming benefits under the Policy. Specifically, Plaintiff failed and refused to attend a medical examination requested under the Policy to assist in the determination of her eligibility for the benefits claimed.

25. As its third affirmative defense, Defendants aver that the Plaintiff has failed to avail herself of reasonable remedies to disavail herself of her alleged disability and therefore is not eligible for benefits under the Policy.

26. As its fourth affirmative defense, Unum avers that it is not a proper party defendant in Plaintiff's contract claim as Unum is a holding company and is not the company which issued the

Policy or the company obligated to make payments under the Policy assuming that benefits are found to be due and owing.

    27.    Defendants demand trial by jury as to all issues so triable.

WHEREFORE, Defendants requests entry of judgment in their favor together with taxable costs and such other relief as the Court may deem appropriate.

        Respectfully submitted,

        s./Mark D. Greenberg, Esq.
        MARK D. GREENBERG, ESQ.
        Florida Bar No: 283959
        CARLTON FIELDS, P.A.
        Attorneys for Defendant, MetLife
        4000 Bank of America Tower
        At International Place
        100 S.E. Second Street
        Miami, Florida 33131
        Telephone No: (305) 530-0050
        Facsimile No: (305) 530-0055
        mgreenberg@carltonfields.com

**CERTIFICATE OF SERVICE**

    WE HEREBY CERTIFY that on this 13th day of October, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/Mark D. Greenberg

CASE NO: 08-22680-CIV-MORENO

## **SERVICE LIST**

| | |
|---|---|
| Richard D. Tobin, Esq. | Mark D. Greenberg, Esq. |
| Florida Bar No: 796239 | Florida Bar No: 283959 |
| 2929 East Commercial Blvd. | Carlton Fields, P.A. |
| Suite 702 | 4000 International Place |
| Fort Lauderdale, Florida 33308 | 100 S.E. Second Street |
| Telephone No: (954) 849-7531 | Miami, Florida 33131-2114 |
| Facsimile No: (954) 861-2932 | Telephone No: (305) 530-0050 |
| rtobin@bellsouth.net | Facsimile No: (305) 530-0055 |
| Lead Counsel for Plaintiff | mgreenberg@carltonfields.com |
| Served via U.S. Mail | Lead Counsel for Defendant |
| | Filing Party |

Carlton Fields, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida  33131-2114 - 305.530.0050
14083335.1