UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-22680-CIV- MORENO
United States Magistrate Judge Torres

NELVIS VELAZQUEZ, M.D.,

Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY and UNUM GROUP,

Defendants.
_______________________________________/

**DEFENDANTS PROVIDENT AND UNUM'S MOTION TO DISMISS COUNT II OF THE AMENDED COMPLAINT AND MOTION TO STRIKE CERTAIN PRAYERS FOR RELIEF**

Defendant, Provident Life and Accident Insurance Company ("Provident") and Defendant Unum Group ("Unum"), through their counsel, move to dismiss and strike portions of Count II of Plaintiff's Amended Complaint. Pursuant to S.D.Fla.L.R. 7.1.A.3, counsel for the parties have conferred regarding the subject matter of this Motion and have not been able to resolve the issues by agreement.

## Introduction

This is a first-party claim for benefits under a disability insurance policy issued by Provident to the Plaintiff, Nelvis Velazquez ("Plaintiff"). Count I alleges a claim for breach of contract which Defendants have answered. Count II purports to state a claim for "breach of covenant, good faith & fair dealing" and Count III purports to state a claim under RICO.[1]

Count II is procedurally and substantively deficient as well as premature. Moreover, there is no factual or legal basis supporting the demand for "severe and extreme financial, physical and

[1] Defendants' deadline to respond to Count III has been extended to November 28, 2008 pending Plaintiff's submission of a RICO Case Statement. (DE 6).

emotional mental injury and for punitive or exemplary damages" and therefore, such claims should be stricken.

## MEMORANDUM OF LAW

**I. The Amended Complaint should be dismissed and the impermissible allegations of the Amended Complaint should be stricken.**

**1. Florida law does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing.**

The allegations of Count II consist of Paragraphs 22, 23 and 24. No other paragraphs of the Amended Complaint are incorporated into Count II. Paragraph 22 alleges Plaintiff's submission of a Civil Remedy notice asserting that Unum violated F.S. 624.155; Paragraph 23 alleges without specification that "Defendant" failed to commence payment within 60 days as part of a pattern and practice to delay and deny claims and has paid voluntary fines for unfair claims practices and punitive damages in "each and every state"; Paragraph 24 states in purely conclusory fashion that "Defendant has intentionally inflicted severe mental and emotional distress upon its insured Dr. Nelvis Velazquez with no medical evidence justifying non-payment of monthly benefits." Absent from Count II is *any* factual allegation supporting Plaintiff's theory of recovery.

Even assuming that the Plaintiff intended to incorporate all of the preceding paragraphs of the Amended Complaint into Count II, she still fails to state a claim upon which relief can be granted for breach of a duty to act in good faith. Florida law does not recognize such a claim in the first party context where the insured and insurer occupy the status of creditor and debtor. See *Allstate v. Douville*, 510 So. 2d 1200 (Fla. 2d DCA 1987). A cause of action for breach of that duty in a first party contract claim is limited to the exclusive enforcement mechanism provided pursuant to Florida's Civil Remedy Statute, Fla. Stat. 624.155.

Prior to the enactment in 1982 of Fla. Stat. 624.155, case law did not permit insureds to sue their insurance carriers for bad faith refusal to pay claims in first party actions. Traditionally, the liability of an insurer to act in good faith toward its insured arose only in third party actions where the insured was being sued by a third party and the insurer had a duty to defend its insured. *See*, *Smith v. Standard Guaranty Ins. Co.*, 435 So. 2d 848 (Fla. 2d DCA 1983). In the third party situation, the insurer's liability arose from the fiduciary relationship which existed between the insurer and insured.

In contrast, the relationship between an insurer and its insured in a first party situation is one of a debtor and creditor and is not premised upon a fiduciary relationship. *See*, *Rowland v. Safeco Insurance Company of America*, 634 F. Supp. 613 (M.D. Fla. 1986); *Opperman v. Nationwide Mutual Fire Insurance Company*, 515 So. 2d 263 (5th DCA 1987). In a debtor-creditor relationship, the insurer owes no duty of good faith toward its insured. Until 1982, bad faith refusal to pay in a first party context would give rise to a claim only if the actions by the insurer constituted a separate tort such as fraud or intentional infliction of emotional distress. *Opperman*, *supra; Industrial Fire & Casualty Insurance Company v. Romer*, 432 So. 2d 66 (Fla. 4th DCA 1983); *Talat Enterprises, Inc. v. Aetna Life & Cas. Ins. Co*., 952 F.Supp. 773, 754 (M.D. Fla. 1996), aff'd, 217 F.3d 1318 (11th Cir. 2000) (there is no common law action for bad faith in Florida).

In 1982, however, the prohibition against first party bad faith claims was lifted by the enactment of Fla. Stat. 624.155. *See*, *Time Insurance Company Inc. v. Burger*, 712 So. 2d 389 (Fla. 1998). With the enactment of Fla. Stat. 624.155, one court noted it was arguable that "Florida joined the ranks of those states which impose an implied covenant of good faith and fair dealing in insurance contracts" between an insurer and its insured. *Romer, supra*, p. 69, fn. 5, (concurring opinion).

In one of the first decisions interpreting the newly enacted Fla. Stat. 624.155, the Court in *Opperman, supra*, tracked the history of first party bad faith claims and found that many states followed the lead of California in adopting the theory that an insurer owes its insured a duty of good faith and fair dealing independent of any contractual obligation. *Opperman*, *supra*, citing *Gruenberg v. Aetna Insurance Co.*, 510 P. 2d 1032 (1973). The *Opperman* Court found that some states adopted this theory through judicially created remedies, while other states, ***like Florida***, adopted such a duty by the enactment of statutes providing a civil action against an insurer for bad faith refusal to pay benefits. *Opperman*, *supra*, p. 267. The *Opperman* Court concluded that the Florida legislature provided a remedy to insureds for an insurer's breach of the implied covenant of good faith and fair dealing *through the enactment of Fla. Stat. 624.155. Id.*

The legislative adoption of the *duty* of good faith and fair dealing, however, does not mean that Florida recognizes a common law cause of action for a breach of that duty. To the contrary. The rules of statutory construction require a finding that Fla. Stat. 624.155 is the *exclusive* remedy of an insured against its insurer when the insurer is alleged to have breached the implied covenant of good faith and fair dealing in a first party case. It has been long and widely held that where a new right is created by statute which was not recognized at common law, the statute becomes the exclusive remedy for the enforcement of that right. See, *Fleischman Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed. 2d 475 (1967); *U.S. v. Smelser*, 87 F. 2d 799 (5th Cir. 1937); *Barnet v. Muncie National Bank*, 98 U.S. 555, 25 L.Ed. 212 (1878).

Here, there is no dispute that Fla. Stat. 624.155 created a right which did not exist at common law; thus, Fla. Stat. 624.155 remains Plaintiff's exclusive remedy for an action based on breach of the implied duty of good faith and fair dealing. Such an action is only cognizable if the statutory

provisions are followed and there has first been a determination in Plaintiff's favor on the breach of contract claim.

### 2. Florida law does not permit Plaintiff to raise claims relating to claims handling general business practices or bad faith at this stage.

As a matter of law, Plaintiff may only bring a claim pertaining to claims handling, general business practices or bad faith if and only if she prevails in the underlying contract action. Under Florida law, an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved before a cause of action for bad faith can accrue. *Blanchard v. State Farm Mut. Ins. Co.*, 575 So. 2d 1289 (Fla. 1991) ("absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for bad faith failure to settle"); *Imhof v. Nationwide Mut. Ins. Company*, 643 So.2d.617 (Fla. 1994) ("a complaint for a bad-faith claim requires an allegation that there has been a determination of damages"); *Fishkin v. The Guardian Life Insurance Company of Florida*, 22 F.Supp.2d 1365 (S.D. Fla. 1998); *Allstate Insurance Company v. Baughman*, 741 So. 2d 624 (Fla. 2d DCA 1999); *Lane v. Provident Life and Accident Ins. Co.*, 71 F. Supp. 2d1255, 1256 (S.D.Fla. 1999) (claim for bad faith under Fla. Stat. 624.155 does not accrue until after an insured has proven liability in her underlying contractual claim). Because there has been no determination that Defendants have breached the Policy, Plaintiff cannot state a cause of action based on allegations involving claims handling, general business practices or failing to attempt to settle in good faith.

Issues similar to those before the court were addressed more recently in the case of *Trief v. American General Life Ins. Co.*, 444 F. Supp. 2d 1268 (S.D. Fla. 2006). In *Trief*, an insured brought an action on a life insurance policy alleging breach of contract, declaratory relief and breach of the implied duty of good faith. In support of her claim for breach of the implied duty of good faith, the

insured alleged that Defendant (1) wrongfully and carelessly failed to pay the policy benefits in accordance with the terms and conditions of the Policy; (2) wrongfully and carelessly adjusted the claim submitted by plaintiff; (3) failed to adjust the claim in good faith; (4) failed to investigate the claim in good faith; and (5) failed to pay the claim without any basis in fact or law specifically knowing of the harm that would be caused to Plaintiff. Initially, the court noted that "under Florida law, there is no independent cause of action for breach of an implied covenant of good faith and fair dealing. *Burger King Corp. v. Weaver*, 169 F. 3d 1310, 1318 (11th Cir.1999). Rather, a party must allege that an express contractual provision has been breached. *Id.*

In ruling that Thrief failed to state a claim for breach of the implied covenant as a matter of law, Judge Ungaro-Benages noted that "the policy sued on doesn't mention how the insurer must adjust, investigate or pay claims and Plaintiff fails to allege that an express term of the contract has been breached. Additionally, even if the Court found that Plaintiff properly alleged breach of an express contract provision, the allegations resemble a claim for statutory bad faith rather than one for breach of an implied obligation of good faith. . . . As discussed *infra*, a claim for statutory bad faith is premature until the underlying coverage dispute is determined." That is precisely the situation presented herein: Plaintiff has not and can not state a separate cause of action for breach of the implied covenant; and, given the resemblance of her insufficient allegations to a bad faith claim cognizable if at all under Fla. Stat. 624.155, her allegations are at best premature.

Judge Ungaro-Benages went on to alternatively rule that because Plaintiff's allegations in support of the breach of the implied covenant claim amount to nothing more than a general allegation for breach of contract, the allegations were duplicative and must be dismissed, (citing *Harrison v. Digital Health Plan*, 183 F. 3d 1235 (11th Cir. 1999)). Count II fails to state a cause of action and should be dismissed.

**3. Plaintiff's allegations of physical, emotional and mental distress damages in Count II are legally insufficient and should be stricken.**

Florida law precludes recovery for emotional and mental distress damages in breach of contract cases, unless the breach amounts to an independent willful tort. *Crenshaw v. Sarasota County Public Hospital Board,* 466 So. 2d 427 (Fla. 2nd DCA 1985); *Gellert v. Eastern Air Lines, Inc.,* 370 So. 2d 802, 805 (Fla. 3rd DCA 1979). In this case, Count II is premised on the alleged breach of the Policy between the parties. There are *no* factual allegations in Count II supporting the elements of an independent willful tort. Thus, Plaintiffs' claims for emotional and mental distress damages are improper.

Further, pursuant to the impact rule, the Plaintiff has not plead a valid claim for physical, mental or emotional distress damages as Count II of the Amended Complaint is utterly void of any facts showing that her damages flow from physical injuries sustained in an accident. *Rowell v. Holt,* 850 So. 2d 474, 477 (Fla. 2003) ("The impact rule has been traditionally applied primarily as a limitation to assure a tangible validity of claims for emotional or psychological harm. . . Florida jurisprudence has generally reasoned that such assurance is necessary because, unlike physical injury, emotional harm may not readily align with traditional tort law damage principles.").

**4. Plaintiff's demand for punitive or exemplary damages in Count II is legally insufficient and should be stricken.**

In order for an insured to support an award of punitive damages against her insurer, a willful and independent tort separate and distinct from the breach of contract must be alleged. *Aetna Life Ins. Co. v. Smith*, 345 So. 2d 784 (Fla. 4th DCA 1977); *Butchikas v. Travelers Indemnity Co.*, 343 So. 2d 816 (Fla. 1976); *T.D.S. v. Shelby Mutual Ins. Co.*, 760 F.2d 1520 (11th Cir. 1985) (conduct of the insurer against the insurer must be so egregious as to constitute an independent tort). No such allegations are found in Count II.

Leaving aside the legal insufficiency of Plaintiff's unsupported prayer for punitive damages, assuming it is based on the Civil Remedy Statute, her claim is precluded at this stage and should therefore be stricken.

**Conclusion**

Plaintiff has not and can not allege an independent cause of action for breach of the implied duty of good faith and fair dealing and Count II should be seen as what it is – an insufficient and impermissible attempt to assert a bad faith claim prior to a favorable judgment on the underlying contract claim. Count II should be dismissed and the prayers for physical injury, emotional and mental distress damages and punitive damages stricken.

WHEREFORE, Defendant respectfully requests entry of this Court's order dismissing Count II of the Amended Complaint and its prayers for physical injury, emotional and mental distress damages and punitive damages.

Respectfully submitted,

s./Mark D. Greenberg, Esq.
MARK D. GREENBERG, ESQ.
Florida Bar No: 283959
CARLTON FIELDS, P.A.
Attorneys for Defendant, MetLife
4000 Bank of America Tower
At International Place
100 S.E. Second Street
Miami, Florida 33131
Telephone No: (305) 530-0050
Facsimile No: (305) 530-0055
mgreenberg@carltonfields.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 13th day of October, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Mark D. Greenberg

**SERVICE LIST**

Richard D. Tobin, Esq.
Florida Bar No: 796239
2929 East Commercial Blvd.
Suite 702
Fort Lauderdale, Florida 33308
Telephone No: (954) 849-7531
Facsimile No: (954) 861-2932
rtobin@bellsouth.net
Lead Counsel for Plaintiff
Served via U.S. Mail

Mark D. Greenberg, Esq.
Florida Bar No: 283959
Carlton Fields, P.A.
4000 International Place
100 S.E. Second Street
Miami, Florida 33131-2114
Telephone No: (305) 530-0050
Facsimile No: (305) 530-0055
mgreenberg@carltonfields.com
Lead Counsel for Defendant
Filing Party