UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-22680-CIV-MORENO
United States Magistrate Judge Torres

NELVIS VELAZQUEZ, M.D.

    Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and UNUM
GROUP,

    Defendants.
_____/

### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants, Provident Life and Accident Insurance Company ("Provident") and Unum Group ("Unum") move to strike Plaintiff's second Notice of Supplemental Authority In Support Of Its Response In Opposition To Defendants' Motion to Dismiss Amended Complaint and the documents attached thereto. (D.E. 19)  This Court should strike the Notice and disregard the documents attached thereto because the documents are not supplemental authorities and, therefore, the Notice and documents are nothing more that an improper, unauthorized surreply.

### INTRODUCTION

Plaintiff filed this action seeking first-party benefits under an individual disability insurance policy issued by Provident to Plaintiff.  The Amended Complaint alleges damages under theories of breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count II) and violation of the Federal Rico statute, 18 U.S.C. 1961 (Count III).  The Defendants answered Count I and by two separate motions, moved to dismiss Count II and Count III.  (D.E. 7, 8, 12)

On December 12, 2008, Plaintiff filed her Response In Opposition To Defendants' Motion to Dismiss Amended Complaint. (D.E. 13) Defendants filed their Reply to Plaintiff's Opposition on December 22, 2008. (D.E. 14) In accordance with Local Rule 7.1C, the Defendants' Reply addressed the issues raised in Plaintiff's opposition memorandum.

Thereafter, on March 31, 2009, Defendants filed a Notice of Supplemental Authority in support of their Motion to Dismiss Count III of the Amended Complaint. (D.E. 16) Attached to the Notice was the decision in *In re Managed Care Litigation*, 2009 WL 347795 (S.D. Fla. Feb. 11, 2009), an opinion addressing RICO pleading requirements issued by Judge Moreno after Defendants filed their motion to dismiss and reply in support of same. (D.E. 12, 14)

On April 7, 2009 Plaintiff filed her first Notice of Supplemental Authority In Support Of Its Response In Opposition To Defendants' Motion to Dismiss Amended Complaint. (D.E. 18) Attached to that Notice were two decisions that were issued after Plaintiff filed her Response. Both decisions addressed the denial of a claim for ERISA benefits when the plan administrator is asserted to have a conflict of interest. Defendants do not seek to strike this Notice.[1]

On April 17, 2009, Plaintiff filed her second Notice of Supplemental Authority In Support of Its Response In Opposition To Defendant's Motion to Dismiss Amended Complaint. (D.E. 19) Attached to the second Notice are three documents:

> (1) The <u>unsigned and undated (Proposed)</u> Findings of Fact And Conclusion of Law Re: Defendants' Motion For New Trial, Remittitur Or Reduction Of Punitive Damages apparently drafted by the plaintiff and filed with the trial court in *Merrick v. Paul Revere Life Insurance Company*, Case No. CV-S00731-JCM-RJJ (D. Nev.) on August 5, 2008.

---

[1] However, given that the subject of the motion before the Court is whether Plaintiff has alleged the elements of a viable RICO claim, Defendants believe that those decisions are irrelevant.

    (2)    Report of the Multistate Market Conduct Examination as of December 31, 2007, dated April 14, 2008.

    (3)    A January 6, 2009 letter from the insurance departments of several states to the "Insurance Forum" responding to a request for comment about the *Merrick* and *McCauley* cases [see Plaintiff's first Notice of "supplemental Authority" (D.E.18)].

These documents are not proper supplemental authority. Indeed, the first unsigned, undated proposed order is not an "authority" of any kind and, having been filed four months *before* Plaintiff filed her Response, is not "supplemental". Similarly, the second document is not a supplemental authority, having been published and available to the Plaintiff eights months before she filed her response to Defendants' motion to dismiss. The third document, although dated after Plaintiff's response to Defendants' motion to dismiss, is irrelevant to the issue before the Court and an attempt to place before the Court the same specious argument made in her response.

The Notice served by Plaintiff and the documents attached thereto constitute an unauthorized and improper surreply, i.e., a rebuttal to Defendants' reply. Plaintiff is blatantly attempting to improperly reargue and submit additional "support" for the contentions contained in her opposition memorandum. Simply stated, Plaintiff is improperly attempting to get in the last word. Accordingly, Plaintiff's Notice should be stricken and the documents attached thereto disregarded.

## MEMORANDUM OF LAW

**I.    PLAINTIFF'S APRIL 17, 2009 NOTICE OF SUPPLEMENT AUTHORITY AND THE DOCUMENTS ATTACHED THERETO SHOULD BE STRICKEN BECAUSE THE DOCUMENTS DO NOT CONSTITUTE SUPPLEMENTAL AUTHORITIES AND, THEREFORE, THE NOTICE AND DOCUMENTS CONSTITUTE AN IMPROPER AND UNAUTHORIZED SURREPY.**

A Notice of Filing Supplemental Authority is for the purpose of advising the court of a new judicial opinion that has been issued since the party's last memorandum. *Rosenstein v. The Edge Investors, L.P.*, 2009 WL 903806, *1 n.1 (S.D. Fla. Mar. 30, 2009); *see also O'Leary v. Purcell Co., Inc.*, 1984 WL 1148, *10 n. 4 (M.D.N.C. June 11, 1984) (noting that the court would receive citations to authority decided after briefing and the hearing which would materially affect the decision on the motion). Notices of Supplemental Authorities are not meant to be utilized to advise the court of "recently discovered" case law. *General Elec. Co. v. Latin American Imports, S.A.*, 187 F.Supp.2d 749, 752 n. 2 (W.D. Ky. 2001) (rebuking counsel for filing a notice of supplemental authority which contained newly discovered case law, as opposed to new, controlling cases, and treating the notice as an improper and unauthorized surreply); *see also United States v. Kimler*, 335 F.3d 1132, 1138 n. 6 (10th Cir. 2003) (rejecting argument in supplemental authority letter which was based on case law that was readily available at the time of briefing).

Here, Plaintiff's "supplemental authorities" include an <u>unsigned, undated proposed</u> findings of fact and conclusions of law obviously prepared by plaintiff's counsel and filed in the district court in Nevada. Clearly, there is nothing authoritative about this document. In addition, the document was apparently filed with the Nevada district court more than four months *before* Plaintiff filed her response memorandum. Thus, the document is not a "supplemental authority" in any event. Similarly, the Report of the Multistate Market Conduct Examination was published and available to Plaintiff more than eight months before Plaintiff filed her opposition memorandum and, thus, is also improper. While the third document is dated after the Plaintiff's response to the motion to dismiss and potentially "supplemental" in terms of timing, it is neither

relevant to the pleading issue before the Court nor authoritative. Therefore Plaintiff's Notice and the documents attached thereto should be treated as an improper surreply.

Motion practice under the Local Rules contemplates that in all motions there will generally be only three submissions: the motion and supporting memorandum; the opposition memorandum; and the reply memorandum. Local Rule 7.1C. The purpose of the rule is to prevent battles over which side should have the last word. *Patterson v. Lansing*, 2001 WL 946181, *2 (D. Kan. Aug. 10, 2001); *Humphries v. Williams Natural Gas Co.*, 1998 WL 982903 (D. Kan. Sept. 23, 1998) (the rule is fair and reasonable and assists the court in defining when a matter has been fully briefed and minimizes the battles over which side should have the last word); *Porter v. Fairbanks Capital Corp.*, 2003 WL 21210115 (N.D. Ill. May 23, 2003) (a surreply is merely an attempt to have the last word).

Surreplies and any other supplemental materials may only be filed with leave of the court. *See* Local Rule 7.1; *see also Humphries*, 1998 WL 982903 (because the Local Rules do not mention surreplies, filing surreplies require leave of the court). There is simply no excuse or justification for filing a surreply without leave of the court. *Humphries*, 1998 WL 982903.

It is only in those rare circumstances where a movant raises new arguments in a reply that are not addressed in the opposition memorandum, as opposed to rebutting arguments asserted in the opposition memorandum, that a surreply is permitted. Local Rule 7.1; *see Allender v. Huesman*, 2003 WL 23142184 (S.D. Ind. Apr. 14, 2003)(surreply improper and would be stricken where defendant did not raise new arguments in his reply); *Patterson v. Lansing*, 2001 WL 946181, *2 (D. Kan. Aug. 10, 2001); *Boustead v. Barancik*, 151 F.R.D. 102, 106 (E.D. Wis. 1993). Thus, surreplies are not to be used to make arguments the non-movant did not think to make or to assert facts previously available but not included in its opposition memorandum.

5

Carlton Fields, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida  33131-2114 - 305.530.0050
14967631.1

*Nautilus Group, Inc. v. Icon Health & Fitness, Inc.*, 308 F.Sup.2d 1224 (W.D. Wash. 2003)(striking improper surreply which reargued positions made in response memoranda); *General Elec. Co. v. Latin Am. Imports, S.A.*, 187 F.Supp.2d 749, 752 n. 1 (W.D. Ky. 2001)(striking notice of filing supplemental authority as improper surreply).

Plaintiff has not established such a rare circumstance as to allow the filing of a surreply. Indeed, Plaintiff did not even seek leave to file her surreply. Accordingly, Plaintiffs' Notice should be summarily stricken and the documents attached to the Notice disregarded. *See Humphries*, 1998 WL 982903 (a party may not unilaterally decide it is appropriate to file a surreply).

## CONCLUSION

Based on the foregoing discussion and authorities, Defendants respectfully request that Plaintiff's second Notice of Supplemental be stricken and the documents attached thereto disregarded because they constituted an unauthorized surreply intended to improperly obtain the last word.

Respectfully submitted,

/s./Mark D. Greenberg, Esq.
MARK D. GREENBERG, ESQ.
Florida Bar No: 283959
CARLTON FIELDS, P.A.
Attorneys for Defendants
4000 Bank of America Tower
At International Place
100 S.E. Second Street
Miami, Florida 33131
Telephone No: (305) 530-0050
Facsimile No: (305) 530-0055
mgreenberg@carltonfields.com

CASE NO.: 08-22680-CIV-MORENO

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 30th day of April, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                 s/Mark D. Greenberg

## SERVICE LIST

| | |
|---|---|
| Michael M. Tobin, Esq. | Mark D. Greenberg, Esq. |
| Florida Bar No: 081540 | Florida Bar No: 283959 |
| Law Offices of Michael M. Tobin, P.A. | Carlton Fields, P.A. |
| Attorneys for Plaintiff | 4000 International Place |
| 9400 South Dadeland Boulevard | 100 S.E. Second Street |
| Penthouse 5 | Miami, Florida 33131-2114 |
| Miami, Florida 33156 | Telephone No: (305) 530-0050 |
| Telephone No: (305) 445-5475 | Facsimile No: (305) 530-0055 |
| Facsimile No: (305) 554-5479 | mgreenberg@carltonfields.com |
| miamilaw@snappydsl.net | Lead Counsel for Defendants |
| Lead Counsel for Plaintiff | Filing Party |