UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-22680-CIV-MORENO

NELVIS VELAZQUEZ, M.D.,

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, et al.,

    Defendant.
_____/

## SCHEDULING ORDER

THIS COURT issues this order in accordance with S.D. Fla. L. R. 16.1. The parties shall comply with the following deadlines.

| | |
|---|---|
| Conference and selection of a mediator to be completed no later than: | **May 29, 2009** |
| Deadline to join additional parties or to amend pleadings: | **June 5, 2009** |
| Deadline for individual medical exam, which may include a video recording | **June 30, 2009** |
| Deadline to complete all discovery, including depositions: | **August 14, 2009** |
| Deadline for the filing of all motions for summary judgment: | **August 21, 2009** |
| Deadline for the filing of pretrial motions, including motions *in limine* and *Daubert* motions: | **August 31, 2009** |
| Mediation to be completed no later than: | **August 31, 2009** |
| Plaintiff's witness and exhibit lists: | **July 14, 2009** |
| Defendant's witness and exhibit lists: | **July 14, 2009** |
| Pretrial stipulations to be filed by: | **September 1, 2009** |
| Calendar Call at 2:00 P.M. on: | **September 8, 2009** |
| Trial set for the two-week period commencing: | **September 14, 2009** |

To the extent that the parties request modification of any date in this Court's Scheduling Order, the parties shall file either a *Motion to Continue Trial* or a *Motion to Continue Pretrial Deadlines*.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of May, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-22680-CIV-MORENO

NELVIS VELAZQUEZ, M.D.,

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, et al.,

    Defendant.
_____/

## ORDER SETTING TRIAL

Pursuant to *Federal Rules of Civil Procedure* 40, this action is at issue. It is therefore **ADJUDGED** that:

(1) **TRIAL DATE** - This case is set for trial during the two-week period commencing **September 14, 2009**, in Miami, Florida

(2) **CALENDAR CALL** - Counsel must appear at Calendar Call which shall take place before the undersigned at the United States Courthouse, Wilkie D. Ferguson Building, Courtroom 13-3, 400 North Miami Avenue, Miami, Florida 33128, on **Tuesday, September 8, 2009, at 2:00 P.M.** The parties need not appear at Calendar Call. At Calendar Call counsel may bring all matters relating to the scheduled trial date to the attention of the Court. Counsel also shall be prepared to address all motions pending before the Court.

(3) **PRETRIAL CONFERENCE** - The Pretrial Conference allowed for under *Federal Rules of Civil Procedure* 16(a) and required by S.D. Fla. L.R. 16.1.C., shall take place immediately following Calendar Call only if requested by the parties in advance. If the parties do not request a

pretrial conference in advance of Calendar Call then no pretrial conference will be held.

 (4) **PLAINTIFF'S WITNESS AND EXHIBIT LISTS** - Plaintiff shall electronically upload onto the case docket a copy of Plaintiff's Witness List and a copy of Plaintiff's Exhibit List no later than **July 14, 2009, at 5:00 P.M.**

  (a) **PLAINTIFF'S WITNESS LIST** - Plaintiff's Witness List shall include all the witnesses, both lay and expert, that Plaintiff intends to call at trial. Plaintiff's Witness List shall briefly describe the nature of each witness's testimony and whether such witness will be testifying live or by deposition. Witnesses omitted from the list will not be allowed at trial.

  (b) **PLAINTIFF'S EXHIBIT LIST** - Plaintiff's Exhibit List shall include all the exhibits that Plaintiff intends to use at trial. Plaintiff's Exhibit List shall in consecutively numbered paragraphs adequately describe the nature of each document listed. The actual exhibits shall be pre-marked with corresponding numbers (*e.g.* Plaintiff's Exhibit #1, P.E. #2, P.E. #3...) which numbers they will retain through the end of trial. The exhibit list shall refer to specific items and shall not include blanket statements such as *all exhibits produced during depositions* or *Plaintiff reserves the use of any other relevant evidence*. Exhibits omitted from the list will not be allowed at trial.

 (5) **DEFENDANT'S WITNESS AND EXHIBIT LISTS** - Defendant shall electronically upload onto the case docket a copy of Defendant's Witness List and a copy of Defendant's Exhibit List no later than **July 14, 2009, at 5:00 P.M.**

  (a) **DEFENDANT'S WITNESS LIST** - Defendant's Witness List shall include only those additional lay and expert witnesses not included on Plaintiff's Witness

List. Witnesses listed by Plaintiff will be available for both parties and should not be re-listed on Defendant's Witness List. Defendant's Witness List shall briefly describe the nature of each additional witness's testimony and whether such witnesses will be testifying live or by deposition. Witnesses omitted from Defendant's Witness List and not listed on Plaintiff's Witness List will not be allowed at trial.

(b)   **DEFENDANT'S EXHIBIT LIST** - Defendant's Exhibit List shall include only those additional exhibits that Defendant wishes to introduce at trial which are not on Plaintiff's Exhibit List. Defendant's Exhibit List shall in consecutively numbered paragraphs adequately describe the nature of each document listed. The actual exhibits shall be pre-marked with corresponding numbers (*e.g.* Defendant's Exhibit #1, D.E. #2, D.E. #3...) which numbers they will retain through the end of trial. The exhibit list shall refer to specific items and shall not include blanket statements such as *all exhibits produced during depositions* or *Plaintiff reserves the use of any other relevant evidence*. Exhibits omitted from Defendant's Exhibit List and not listed on Plaintiff's Exhibit List will not be allowed at trial.

(6)   **PRETRIAL STIPULATION** - Pursuant to S.D. Fla. L.R. 16.1.E., the parties shall file a Pretrial Stipulation no later than **Tuesday, September 1, 2009**. The Pretrial Stipulation shall conform to the requirements of S.D. Fla. L.R. 16.1.E. The parties shall attach to the Pretrial Stipulation copies of the witness and exhibit lists along with any objections as allowed for under S.D. Fla. L.R. 16.1.E.9. A pending motion for continuance shall not stay the requirement for the filing of a Joint Pretrial Stipulation.

(7)   **CONTINUANCE / SETTLEMENT** - A motion for continuance or a stipulation of settlement must be in writing. S.D. Fla. L.R. 7.1.4. Unless the Court grants the motion in writing,

counsel must appear at the Calendar Call.

(8) **MOTIONS** - When submitting motions, the parties shall submit a proposed order only for those motions listed in S.D. Fla. L.R. 7.1.A.1.

(9) **DEPOSITIONS** - Depositions are limited to seven hours during one day absent court order or agreement of the parties and any affected non-party witnesses. S.D. Fla. L.R. 26.1.K.

(10) **SUMMARY JUDGMENT** - The practice of filing multiple motions for partial summary judgment which are collectively intended to dispose of the case (as opposed to one comprehensive motion for summary judgment) in order to evade memorandum page limitations is specifically prohibited. *See Administrative Order 97-06* (S.D. Fla. January 31, 1997) (amending Local Rule 7.1.C.2.).

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of May, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 08-22680-CIV-MORENO**

NELVIS VELAZQUEZ, M.D.,

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, et al.,

    Defendant.
_____/

## **PRETRIAL ORDER SETTING CONFERENCE**

THIS CAUSE came before the Court upon a *sua sponte* examination of the record. It is

**ADJUDGED** that S.D. Fla. L.R. 16.1 shall apply to this case and the parties shall hold a conference no later than **May 29, 2009**. The conference may be held via telephone. At the conference, the parties shall comply with the following agenda that the Court adopts from S.D. Fla. L.R. 16.1.

    **(1)** **Documents (S.D. Fla. L.R. 16.1.B.1 and 3)** - The parties shall determine the procedure for exchanging a copy of or a description by category and location of all documents and other evidence that is reasonably available and that a party expects to offer or may offer if the need arises. *Fed. R. Civ. P.* 26(a)(1)(B).

        (a)    Documents include computations of the nature and extent of any category of damages claimed by the disclosing party unless the computations are privileged or otherwise protected from disclosure. *Fed. R. Civ. P.* 26(a)(1)(C).

        (b)    Documents include insurance agreements which may be at issue with the

satisfaction of the judgment. *Fed. R. Civ. P.* 26(a)(1)(D).

(2)     **List of Witnesses (S.D. Fla. L.R. 16.1.B.4)** - The parties shall exchange the name, address and telephone number of each individual known to have knowledge of the facts supporting the material allegations of the pleading filed by the party. *Fed. R. Civ. P.* 26(a)(1)(A). The parties have a continuing obligation to disclose this information.

(3)     **Settlement Discussions (S.D. Fla. L.R. 16.1.B.2, 5, 6 and 7)** - The parties shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case.

To the extent that the parties request modification of the Court's Scheduling Order, the parties shall also file either a *Motion to Continue Trial* or a *Motion to Continue Pretrial Deadlines*.

Failure to comply with this Order or to exchange the information listed above may result in sanctions and / or the exclusion of documents or witnesses at the time of trial. S.D. Fla. L.R. 16.1.B.1.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of May, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 08-22680-CIV-MORENO**

NELVIS VELAZQUEZ, M.D.,

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, et al.,

    Defendant.
_____/

## ORDER OF REFERRAL TO MEDIATION

Trial having been set in this matter for **September 14, 2009** pursuant to *Federal Rule of Civil Procedure* 16 and S.D. Fla. L.R. 16.2, it is

**ADJUDGED** as follows:

(1) **MEDIATION** - All parties must participate in mediation. The parties shall complete mediation no later than **August 31, 2009**.

(2) **SELECTION OF MEDIATOR** - Plaintiff's counsel, or another attorney agreed upon by all counsel of record and any unrepresented parties, shall be the "lead counsel" and responsible for scheduling the mediation conference. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of this Court, but may select any other mediator. The parties shall agree upon a mediator no later than **May 29, 2009**. If there is no agreement, lead counsel shall promptly notify the Clerk in writing and the Clerk shall designate a mediator from the List of Certified Mediators, which designation shall be made on a blind rotation basis.

(3) **ORDER SCHEDULING MEDIATION** - A place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties shall be established. Lead counsel shall complete the form order attached and submit it to the Court. After the Court enters the completed form order, the mediator may, with consent of the parties, reschedule mediation at the mediator's discretion without further order of the Court.

(4) **ATTENDANCE** - The appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If an insurer is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

(5) **CONFIDENTIALITY** - All discussions, representations and statements made at the mediation conference shall be confidential and privileged.

(6) **MEDIATOR SUMMARY** - At least **ten** days prior to the mediation date, all parties shall present to the mediator a brief written summary of the case identifying issues to be resolved. Copies of these summaries shall be served on all other parties.

(7) **NON-COMPLIANCE** - The Court may impose sanctions against parties and / or counsel who do not comply with the attendance or settlement authority requirements or who otherwise violate the terms of this order. The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

(8) **MEDIATOR COMPENSATION** - The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to S.D. Fla. L.R. 16.2.B.6, or on such basis as may be agreed to in writing by the parties and mediator selected by the parties. The parties shall share equally the cost of mediation unless otherwise ordered by the Court. All payments shall be remitted to the mediator within thirty days of the date of the bill. Notice to the mediator of

cancellation or settlement prior to the scheduled mediation conference must be given at least two full business days in advance. Failure to do so will result in imposition of a fee for one hour.

(9)     **SETTLEMENT** - If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with S.D. Fla. L.R. 16.2.F, by the filing of a notice of settlement signed by counsel of record within **ten** days of the mediation conference. Thereafter the parties shall submit an appropriate pleading concluding the case.

(10)    **MEDIATION REPORT** - Within **five** days following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or in part), was continued with the consent of the parties or whether the mediator declared an impasse.

(11)    **SANCTIONS** - <u>If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions including dismissal or default may be imposed.</u>

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of May, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **08-22680-CIV-MORENO**

NELVIS VELAZQUEZ, M.D.,

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, et al.,

    Defendant.
_____/

## ORDER SCHEDULING MEDIATION

The mediation conference in this matter shall be held with _____ on _____, 200__, at _____ AM / PM at _____

_____.

    DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of _____, 200__.

                                                                                               FEDERICO A. MORENO
                                                                            UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record