UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-22680-CIV- MORENO
United States Magistrate Judge Torres

NELVIS VELAZQUEZ, M.D.,

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and UNUM
GROUP,

    Defendants.
_____/

## DEFENDANTS' MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES

Defendant, Provident Life and Accident Insurance Company ("Provident") and Defendant Unum Group ("Unum"), through their counsel, pursuant to S.D. Fla. L. R. 7.6, move to continue the trial of this matter from the two-week trial period commencing September 14, 2009, and to commensurately continue the pretrial deadlines, including the deadline to complete all discovery including depositions. In support of this Motion[1], Defendants state the following:

Plaintiff's claim was denied due to her failure to comply with the proof of loss provisions under her policy. In particular, as a result of her failure to attend on several occasions Independent Medical Examinations provided for under her policy, Provident was unable to determine whether the insured was eligible for the total disability benefits she claimed.

Within the last six weeks, Plaintiff has made or caused dramatic and fundamental changes in her claim and in this case. This Motion is ought to avoid the undue prejudice which would be suffered by Provident if the current trial setting is maintained. In effect, unless a continuance is

---

[1] The relief sought in this Motion was discussed and requested in Defendants' Response (DE 39) to Plaintiff's Motion to Compel (DE 38).

Carlton Fields, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-2114 - 305.530.0050

15560688.2

granted, Provident will be put in the position of defending a case based on medical and financial aspects of a claim which it never had the opportunity to consider or evaluate when the claim was submitted. Simply stated, it would be prejudicial and fundamentally unfair to require Provident to go to trial at this time when the Plaintiff's own conduct and last minute changes to her claim have denied Provident the opportunity to determine her eligibility for the benefits she claimed during the processing of her claim.

After argument before this Court and issuance of the Scheduling Order (DE 25), on June 25, 2009, the Plaintiff finally attended the IME requested by Provident. The IME Report was issued on July 28, 2009 and has since been reviewed by Provident's board-certified medical consultant, Dr. John Groves. Dr. Groves has recommended further non-invasive testing to clarify the findings in the Report needed to assist Provident in understanding and evaluating the nature, extent and impact of any restrictions and limitations on the part of the insured.

In addition to fundamental changes in the medical aspects of the claim caused by Plaintiff's last-minute attendance at the IME, the Plaintiff for the first time asserted that she was entitled to residual disability benefits when she filed her Amended Complaint on June 25, 2009 (DE 34). Prior to that time, the Plaintiff had demanded during the claim that she was eligible for total disability benefits only and the issues framed by the pleadings mirrored that demand until Provident timely answered the Amended Complaint on July 7, 2009 (DE 35).

Plaintiff had provided CPT Code and some related financial information to Provident during the claim in order to determine what the insured was actually doing prior to her claimed total disability, however, since no residual disability claim had been made or submitted, no such analysis had been performed. On August 11, 2009, a little more than one week ago, the Plaintiff for the first time provided new information that some of the income she reported in 2007 was actually for

2

professional services, including some surgeries, which she now claims were actually performed in 2006. Needless to say, Provident has had no opportunity to evaluate this information in order to determine its impact, if any, on the total disability claim initially at issue in this case or the residual disability claim added to this case a scant six weeks ago.

In light of Plaintiff's newly-introduced claim for residual benefits, and due to the clarification and further testing which Defendants need to evaluate the medical aspects of the Plaintiff's claim, Defendants Unum and Provident respectfully request that the Court continue the discovery deadline (including depositions), and continue the current trial setting.

The current trial setting would result in a proverbial "trial by ambush" on claims which were not denied on the merits of the medical or financial aspects presented. Plaintiff denied the opportunity provided to Provident under the policy to have her independently examined to help evaluate the medical aspects of her eligibility for benefits. Having been denied that contractual right up to this point, Provident should be allowed a full and adequate opportunity to consider, evaluate and follow up on the IME Report and determine her eligibility for benefits and either pay or deny the claim on the merits presented before facing the prospect of an adverse judgment.

It is submitted that the contents of this Motion constitute a showing of good cause as to why the continuance sought should be granted. Pursuant to S.D. Fla. R. 7.6, Unum and Provident submit the sworn statement of Mark D. Greenberg, Esq., attached as Exhibit "A." A proposed order on this motion is attached as Exhibit "B".

### Memorandum of Law

Pursuant to Local Rule 7.6, a trial will be continued based on exceptional circumstances. A continuance may be granted by the Court upon a showing of good cause filed at the earliest practical date prior to the trial and supported by affidavit. The decision to grant or deny a motion for

continuance falls within the discretion of the trial court. *Hashwani v. Barbar*, 822 F. 2d 1038 (11th Cir. 1987); Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990).

The facts in this case constitute good cause for the granting of a continuance based on exceptional circumstances. The grounds set forth in this Motion were created by Plaintiff and fall outside of Provident's control and do not arise from lack of diligence or any improper motive. Indeed, Provident only filed this Motion when it became apparent that the IME Report required clarification and that it would not be able to consider and evaluate the Plaintiff's recently added residual disability claim due to the revised data she just submitted. In the absence of a continuance, Plaintiff's last-minute change of heart in finally attending the IME and in amending the complaint to assert residual benefits will prejudice Provident's ability to defend itself and result in an inefficient trial and potentially, a waste of judicial resources.

WHEREFORE, Defendants Unum and Provident respectfully request that this Court enter an order continuing the trial date of this matter and commensurately continuing the pretrial deadlines.

### Local Rule 7.1.A.3 Certification

Pursuant to Local Rule 7.1.A.3, counsel for Defendants report that it has conferred with counsel for Plaintiff Velazquez, who objects to the continuance requested by this motion.

Respectfully submitted,

_____
MARK D. GREENBERG, ESQ.
Florida Bar No: 283959
CARLTON FIELDS, P.A.
Attorneys for Defendant, MetLife
4000 Bank of America Tower
At International Place
100 S.E. Second Street
Miami, Florida 33131
Telephone No: (305) 530-0050
Facsimile No: (305) 530-0055
mgreenberg@carltonfields.com

CASE NO: 08-22680-CIV- MORENO

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 20th day of August, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Mark D. Greenberg
Mark D. Greenberg

## SERVICE LIST

| | |
|---|---|
| Gregory Michael Dell, Esq. | Mark D. Greenberg, Esq. |
| Florida Bar No: 299560 | Florida Bar No: 283959 |
| Robert Andrew Kerr, Esq. | Carlton Fields, P.A. |
| Florida Bar No: 48761 | 4000 International Place |
| Dell & Schaefer, Chartered | 100 S.E. Second Street |
| 2404 Hollywood Boulevard | Miami, Florida 33131-2114 |
| Hollywood, Florida 33020 | Telephone No: (305) 530-0050 |
| Telephone No: (954) 620-8300 | Facsimile No: (305) 530-0055 |
| Facsimile No: (954) 920 - 9538 | E-Mail: mgreenberg@carltonfields.com |
| E-Mail: cesar@diattorney.com | Lead Counsel for Defendant |
| Lead Counsel for Plaintiff | Filing Party |
| Served via CM/ECF | |