UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-22680-CIV- MORENO
United States Magistrate Judge Torres

NELVIS VELAZQUEZ, M.D.,

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and UNUM
GROUP,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendant, Provident Life and Accident Insurance Company ("Provident") and Defendant Unum Group ("Unum"), (hereinafter "Defendants,") through their counsel and pursuant to the Federal Rules of Civil Procedure, move for summary judgment in their favor.

In this motion, Defendants establish the following as a matter of law, based on the lack of genuine dispute as to the material facts: Plaintiff Velazquez is not entitled to benefits under her policy with Provident because her refusal to submit to an Independent Medical Examination was a failure of a condition precedent to the insurer's obligation for payment of benefits under the policy.

In support of this motion, Defendants rely on the following statement of undisputed material facts and memorandum of law.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff applied for and Provident issued a disability income policy numbered 6-334-613195 (the "Policy"), a true and correct copy of which was attached as Exhibit A to Plaintiff's Amended Complaint. (Amd. Compl., ¶ 7, Ex. A; Ans. to Amd. Compl., ¶¶ 1, 7)

2. The Policy provides, in its Claims section, "Physical Examinations. We, at our expense, have the right to have you examined as often as reasonably necessary while a claim is pending." (Amd. Compl. Ex.A, pp. 10-11)

3. On multiple different occasions prior to the filing of the suit, Plaintiff refused to attend and participate in an independent medical examination as requested by Provident. (Ex. A)

4. On April 22, 2008, Provident sent a letter to Plaintiff's attorney, which recounted the two medical examinations which had been scheduled for Plaintiff but which she refused to attend. (Ex. A)

5. Specifically, an independent medical examination of Plaintiff was scheduled to occur on February 14, 2008, but on February 13, 2008, Plaintiff advised that she would not attend it. (Ex. A)

6. Plaintiff requested that an independent medical examination be held in the presence of a witness and videotaped, and an examination which complied with her request was scheduled for April 3, 2008. (Ex. A)

7. Plaintiff then objected to attending the April 3, 2008, examination, this time at her counsel's insistence that the examining physician carry malpractice insurance. The April 3, 2008 examination was also canceled. (Ex. A)

8. Plaintiff was advised on numerous occasions and specifically on April 22, 2008, that attending an independent medical examination was a prerequisite for Provident's evaluation of her claim for disability benefits. (Ex. A)

9. Plaintiff was advised that Provident had located two physicians who would accommodate Plaintiff's criteria, and was asked to choose which physician she wished to have as an

examiner. Plaintiff was advised that Provident would "schedule and pay the expenses of her transportation, accommodations as well as the fee for the videographer." (Ex. A)

10. Plaintiff did not respond and her claim for disability income benefits was denied by Provident. (Ex. B)

11. Plaintiff filed this suit for breach of contract in August, 2008. (Compl.)

12. Plaintiff finally attended an independent medical examination on June 25, 2009. The IME Report was issued on July 28, 2009 (D.E. No. 38-2)

## MEMORANDUM OF LAW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file … show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment for the moving party is proper." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The plain language of Rule 56(c) mandates the entry of summary judgment…against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Defendants are entitled to summary judgment because the Plaintiff cannot establish an essential element of her case on which she has the burden of proof, to wit, that she satisfied all conditions precedent.

Under Florida law, if an insured does not fulfill the conditions of the policy, she is not entitled to recover for the loss. *See Goldman v. State Farm Fire General Ins. Co.*, 660 So.2d 300 (Fla. 4th DCA 1995); *W. W. Deese v. Hartford Accident and Indemnity Co.*, 205 So.2d 328 (Fla. 1st

DCA 1967). Compliance of the insured with the terms of the contract is a condition precedent to the right to recovery. *Id.* Plaintiff bears the burden of establishing that all conditions precedent have been satisfied. *See Griffin v. Amer. Gen. Life and Acc. Ins. Co.*, 752 So.2d 621, 623, n.1 (Fla. 2d DCA 1999).

The insurance policy involved in this case clearly provides that Provident has a right to request the insured to attend a medical examination at its expense while the claim is pending. Specifically, the policy's *Claims* section provides: "Physical Examinations. We, at our expense, have the right to have you examined as often as reasonably necessary while a claim is pending."

The undisputed record before the Court reflects that on multiple occasions, Plaintiff refused to participate and attend the independent medical exams requested by Provident pursuant to the provisions of the policy. Plaintiff was made aware of the consequences of her refusal to attend the examination however, she persisted in her refusal. As reflected in correspondence directed to the insured, this put Provident in the position of being unable to independently evaluate her eligibility for the total disability income benefits claimed. Plaintiff's claim was ultimately denied due to her failure to comply with the medical examination provision under her policy.

Compliance with a policy provision requiring an insured to attend an independent medical examination is a condition precedent to coverage. *See De Ferrari v. Gov't. Employees Ins. Co.*, 613 So.2d 101, 103 (Fla. 3d DCA 1993)(*rev. denied* 620 So.2d 760 (Fla. 1993))("submission to the reasonably requested I.M.E. was a condition precedent to coverage"). *See also Otani v. State Farm Fire & Cas. Co.,* 927 F.Supp.1330, 1337 (D.Haw. 1996)(*citing De Ferrari* in support of the proposition that "In Hawaii" and as "other courts have uniformly found," "an insured's refusal to submit to a reasonably requested IME is a breach of a condition precedent to coverage that relieves

an insurer of any duty to make further payments under the Policy."); *Allstate Ins. Co. v. Graham,* 541 So.2d 160 (Fla. 2d DCA 1989)(insurer released from liability when insured refused to submit to a physical examination by an independent physician as provided for in the insurance policy); *Griffin v. Stonewall Ins. Co.*, 346 So.2d 97 (Fla. 3d DCA 1977).

Thus, where a policy provided that "the injured person will submit to examination by doctors chosen by us, at our expense, as we may reasonably require," the insured's unreasonable refusal to be so examined stripped her of the right to maintain suit against her insurer. *De Ferrari*, 613 So.2d at 103. Moreover, when an insurer's reasonable request for an IME is refused by an insured, the insurer is *not* required to prove that it suffered prejudice, but is entitled to summary judgment in its favor. *De Ferrari*, 613 So.2d at 103.

While Plaintiff eventually submitted to a medical examination, she did not do so until *after* she had already filed suit, disingenuously claiming that she had complied with "all conditions precedent". Plaintiff was given multiple opportunities to comply with her obligations under the policy to enable Provident to evaluate the medical aspects of her claim, but on each occasion refused to do so. Thus, waiting until the eve of trial to finally allow herself to be evaluated for her alleged disability is too little, too late, and should not excuse her lack of compliance and avoidance the many months before. *See Fassi v. American Fire and Cas. Co.,* 700 So.2d 51, 53 (Fla. 5th DCA 1997)(summary judgment affirmed for insurer; insureds requested to provide an examination under oath "were given five opportunities to cooperate as required by the insurance policy. Their offer to do so some three months after being asked…is too little, too late").

Plaintiff cannot dispute that she repeatedly refused to submit to independent medical examinations requested by Provident. Plaintiff failed to comply with her obligations as an insured

and in so doing, failed to satisfy conditions precedent to her breach of contract claim. Accordingly, Defendants are entitled to summary judgment in their favor on Plaintiff's breach of contract suit.

## **CONCLUSION**

WHEREFORE, Unum and Provident respectfully request that this Court grant this motion for summary judgment, and enter judgment in Defendants' favor as to all claims.

> Respectfully submitted,
>
> s/Mark D. Greenberg
> MARK D. GREENBERG, ESQ.
> Florida Bar No: 283959
> CARLTON FIELDS, P.A.
> Attorneys for Defendant, MetLife
> 4000 Bank of America Tower
> At International Place
> 100 S.E. Second Street
> Miami, Florida 33131
> Telephone No: (305) 530-0050
> Facsimile No: (305) 530-0055
> mgreenberg@carltonfields.com

CASE NO: 08-22680-CIV- MORENO

## CERTIFICATE OF SERVICE

      WE HEREBY CERTIFY that on this **21st** day of August, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      s/Mark D. Greenberg
      Mark D. Greenberg

## SERVICE LIST

| | |
|---|---|
| Gregory Michael Dell, Esq. | Mark D. Greenberg, Esq. |
| Florida Bar No:  299560 | Florida Bar No:  283959 |
| Robert Andrew Kerr, Esq. | Carlton Fields, P.A. |
| Florida Bar No: 48761 | 4000 International Place |
| Dell & Schaefer, Chartered | 100 S.E. Second Street |
| 2404 Hollywood Boulevard | Miami, Florida 33131-2114 |
| Hollywood, Florida 33020 | Telephone No:  (305) 530-0050 |
| Telephone No:  (954) 620-8300 | Facsimile No:  (305) 530-0055 |
| Facsimile No:  (954) 920 - 9538 | E-Mail: mgreenberg@carltonfields.com |
| E-Mail: cesar@diattorney.com | Lead Counsel for Defendant |
| Lead Counsel for Plaintiff | Filing Party |
| Served via CM/ECF | |